# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | |
|---|---|
| Thomas Powers, (N-91586), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 19 C 50069 |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| ) | |
| Gregg Scott, Dir. Treatment and ) | |
| Detention Facility, IDHR, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Respondent shall answer or otherwise respond to the habeas corpus petition [1] by July 12, 2019. Petitioner shall reply by August 2, 2019. Petitioner's motion for reconsideration of the court's order denying petitioner's motion for leave to proceed *in forma pauperis* [12], is granted. The five-dollar filing fee is waived. Petitioner's request for attorney representation [12], is denied without prejudice at this time.

## STATEMENT

Petitioner Thomas Powers, a detainee at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his present sexually violent persons proceeding before the Seventeenth Judicial Circuit Court, Winnebago County, Illinois. Pending before the court are petitioner's motion for reconsideration of the court's order denying petitioner's motion for leave to proceed *in forma pauperis* (captioned as "Petitioner's response to May 31, 2019 order") and request for counsel [12], and the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts [1].

Under 28 U.S.C. § 1914(a), the filing fee for an application for a writ of habeas corpus is five dollars. On May 31, 2019, the court denied petitioner's motion for leave to proceed IFP in relation to his habeas corpus petition [11]. The court based its ruling on the fact that petitioner's financial affidavit, submitted with his IFP petition, revealed a balance of $21.11 in his jail trust account at the time he filed his complaint and first IFP application, and the average monthly deposits into the account from January 4, 2019 to April 1, 2019 (the time frame provided in the trust account statement) was $88.49. *Id*. The court further noted petitioner received a deposit of $500 in his trust account on January 4, 2019, within the time petitioner knew or should have known of the alleged violation of his constitutional rights. *Id*.

On June 7, 2019, petitioner filed a motion for reconsideration of the court's May 31, 2019 order [12]. In the motion, petitioner states he is involuntarily detained with the Illinois Department of Human Services Treatment and Detention Facility and is unable to earn any (actual) money. *Id*. Petitioner states he only earns "tokens" which may be used at the IDHS store. *Id*. As to the $500 deposit into petitioner's account, petitioner claims this was money received as the result of the settlement of five separate cases. *Id*. He advises the litigation expenses in those cases exceeded $1200. *Id*. Upon further review of the documents submitted by petitioner, the court reconsiders its previous order, accepts petitioner's clarification of his financial circumstances, and grants his motion for leave to proceed IFP [9]. The five-dollar filing fee is waived.

Next, in petitioner's motion for reconsideration he asks that "this matter…move forward with counsel appointed" [12]. The court denies petitioner's request for counsel at this time. A review of the documents included in petitioner's filings reveals petitioner has a more-than-adequate grasp of the facts and law in support of his arguments. Petitioner's request for counsel is denied without prejudice.

Finally, turning to the initial review of the habeas corpus petition, [1], Rule 4 requires this court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition. Petitioner alleges cognizable claims for relief. The court shall leave it to respondent to investigate any affirmative defenses he desires. Respondent is ordered to answer or otherwise respond to the habeas corpus petition.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Date: 06/12/2019  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)